Mr. Justice ThacheR
delivered the opinion of the court.
Eloísa C. Cameron filed her petition in the probate court of Franklin county, for an allotment of dower in the personal estate of her deceased husband. The answer of the executors sets up, that the husband, a short time before his decease, made and executed a deed of trust of the property in question to John Montgomery, as trustee, for the use and benefit of the grantor’s two sons, Dugald and Franklin.
In a case of this kind, the only inquiry need be whether the deed of the husband is absolute and irrevocable or not. It is the undoubted right and privilege of a husband to dispose of his personal estate in any manner he thinks proper in his own lifetime, and to thus cut off his widow from dower in such property ; and a voluntary conveyance will be good against the claims of the widow. In the case of Lightfoot's Executors et als. v. Colgin et ux. 5 Munf. 42, which is a case almost in every respect like the one at bar, for in the present case the deed of trust is voluntary and irrevocable; it was held, that a wife has not such an interest in that portion of the personal estate of her husband, to which she may be entitled in the event of his dying intestate, or leaving a will which she may renounce, as that an absolute and irrevocable, though merely voluntary deed thereof, executed by him to his children, even by a former marriage, can be considered a fraud on her rights, or be set aside at her instance; and, that a deed of trust, if not revocable by the grantor, is not to be considered a will in disguise, on the grounds that nearly all his personal estate is thereby conveyed, and that he reserves to himself the possession and control of the property during his life. The reasoning of the court establishing these principles is clear and conclusive.
It having been apparent to the probate court that the claim of dower did not lie in the property in question, the bill was properly dismissed as to it.
Decree affirmed.